UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21415-BLOOM

ANTHONY BUSSIE,

    Plaintiff,

v.

JANET YELLEN,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Anthony Bussie's ("Plaintiff") Complaint, ECF No. [1] ("Complaint"), filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and Application to Proceed in District Court Without Prepaying Fees or Costs (short form), ECF No. [3] ("Motion"). Plaintiff, a civil detainee committed at Butner Correctional Institution in North Carolina, brings this action against the Secretary of the Department of Treasury Janet Yellen ("Defendant"). ECF No. [1]. For reasons set forth below, the Complaint is dismissed without prejudice, and the Motion is denied.

    **I.**    **BACKGROUND**

As an initial matter, the Court notes that the allegations in the Complaint are nearly impossible to decipher. According to the Complaint, Defendant's actions have obstructed, delayed, or affected "commerce or the movement of any article or commodity in commerce[.]" *Id.* at 3. These actions "violated [Plaintiff's] rights." *Id.* Additionally, Defendant's actions against "9/11 Terrorist Khalid Mohammed" were "unpunishable[,]" and were "[i]n contrast to" the punishment of "Abu Ghayth[.]" Perhaps drawing a connection between the actions alleged to have taken place against Khalid Mohammed and Abu Ghayth, Plaintiff states that this pertains to his "federal

contract lawsuit and arbitration spending needs." *Id.* As a result, Plaintiff seeks $25,000.00 in damages for his pain and suffering and maintains that it was an error to refuse to award $25,000.00 in other § 1983 and § 2255 suits. *Id.* He also seeks to enforce "Supreme Court and Federal Court" law within the Department of Justice, the "unkind government entity." *Id.* at 3-4.

## II.     LEGAL STANDARD

Plaintiff has requested leave to proceed *in forma pauperis*. ECF No. [3]. Although he is civilly committed and not a "prisoner[,]" *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002), the Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).[1] *See Dingler v. Georgia*, 725 F. App'x 923, 927 (11th Cir. 2018) (per curiam) (stating that § 1915(e)(2)(B) "applies to anyone proceeding *in forma pauperis*"). Pursuant to § 1915, "the court shall dismiss the case at any time" upon determining that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A "frivolous" action is one that "is without arguable merit either in law or fact." *United States v. Walker*, No. 20-10912, 2020 WL 5506392, at *1 (11th Cir. Aug. 25, 2020) (per curiam) (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)). Additionally, a litigant fails to state a claim for relief when the facts as pled are not "plausible on its face." *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (per curiam) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] Although the Plaintiff is a frequent filer and has previously had complaints dismissed under the Prison Litigation Reform Act's [PLRA] "three-strikes" provision, § 1915(g), the Court notes that Plaintiff is *civilly* committed. *See United States v. Bussie*, No. 12-00229-cr-Bumb (D.N.J. April 16, 2015), ECF No. [43] (granting the Government's Rule 48(a) motion and dismissing the charges against Plaintiff because of his mental incompetency). Accordingly, even though Plaintiff has registered several PLRA strikes by filing frivolous complaints while "detained in any facility[,]" he is not a "prisoner" subject to dismissal under the PLRA's "three-strikes" rule. *See* § 1915(g)-(h); *see also Troville*, 303 F.3d at 1260 (holding that "[a] civil detainee simply does not fall under § 1915's definition of 'prisoner'"); *Bussie v. House Speaker*, No. 20-cv-24638-ALTMAN (S.D. Fla. Dec. 1, 2020) ECF No. [4] (citing cases).

(2009)); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").

Although the district court must construe a *pro se* pleading "liberally," *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008), "this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings[.]" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276-77 (11th Cir. 2008) (per curiam) (citations omitted).

### III. DISCUSSION

Even liberally construing the Complaint, Plaintiff's allegations are frivolous and must be dismissed. Plaintiff does not allege that the Defendant took any actions, let alone unlawful actions, that violated his rights. The Complaint is completely lacking in any discernible factual allegations that could be construed as misconduct on the part of the Defendant. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1106-07 (11th Cir. 2015). Whether taken line-by-line or viewed altogether, Plaintiff's allegations are wholly non-sensical and without merit in law and fact. *See Guthrie v. United States Government*, 618 F. App'x 612, 617 (11th Cir. 2015) ("[I]mprobability tips into frivolity where the 'allegations . . . are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.'" (quoting *Iqbal*, 556 U.S. at 696 (Souter, J., dissenting))).

### IV. CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED** without prejudice;

2. The Motion, **ECF No. [3]**, is **DENIED** as moot;

3. The Clerk is instructed to mark the case as **CLOSED**.

Case No. 21-cv-21415-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 16, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Anthony Bussie, *Pro Se*
64105-050
Federal Medical Center
Inmate Mail/Parcels
Butner, NC 27509

4